

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Heinemeyer v. Scotch Plains

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2336

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Heinemeyer v. Scotch Plains" (2006). *2006 Decisions.* Paper 354.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/354

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2336
_____

ILSE HEINEMEYER,

Appellant

v.

TOWNSHIP OF SCOTCH PLAINS
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 03-cv-1409)
District Judge: John C. Lifland

_____

Submitted Under Third Circuit LAR 34.1(a)
September 20, 2006

Before: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>.

(Filed October 4, 2006)

_____

OPINION
_____

PER CURIAM

Ilse Heinemeyer appeals the dismissal of her pro se complaint by the United States District Court for the District of New Jersey. For the reasons below, we will affirm the District Court's judgment.

On October 3, 2003, Heinemeyer filed an amended pro se complaint against defendants, the Township of Scotch Plains and Thomas Atkins, the Township Manager. She alleged that defendants violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, 1964(c) (RICO), by overcharging her property tax for over 30 years. The District Court granted defendants' motion for summary judgment because Heinemeyer did not show a prima facie case of a RICO violation. After the District Court denied Heinemeyer's motion for reconsideration as time-barred, she appealed.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See USX Corp. v. Liberty Mut. Ins. Co., 444 F.3d 192, 197 (3d Cir. 2006). We may affirm the District Court's order if, when viewing the evidence in the light most favorable to the non-moving party, there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[1] Because the District Court's order of December 21, 2005, which granted summary judgment to defendants, was not accompanied by a separate document that triggered the typical 30-day appeal period, Heinemeyer's seemingly late notice of appeal fits in the safe harbor Fed. R. Civ. P. 58 and FRAP 4(a)(7) provide, and was timely filed as to the December order.

Heinemeyer argues that the District Court erred in granting defendants' motion for summary judgment and denying her motion for reconsideration.[2] She argues that defendants violated the RICO statute by erroneously calculating her property taxes for over 30 years. For essentially the same reasons set forth by the District Court, we agree that Heinemeyer's RICO claim against defendants fails as a matter of law. Defendant Township of Scotch Plains is a municipal corporation and is thus immune to RICO claims. See Genty v. Resolution Trust Corp., 937 F.2d 899, 914 (3d Cir. 1991) (holding that "a civil claim brought under § 1964(c) of the RICO Act, with its mandatory award of treble damages which are punitive in character, cannot be maintained against a municipal corporation"). Moreover, Heinemeyer has not shown "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" with respect to defendant Atkins. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004); see also Beck v. Prupis, 529 U.S. 494, 505 (2000) (holding that a conspiracy claim under RICO must involve an act of racketeering or an act that is otherwise unlawful under the statute). Here, there is no evidence in the summary judgment record that Atkins committed any "racketeering activity" under § 1961(1). See Fed. R. Civ. P. 56(e) (if the moving party establishes that

_____

[2] We agree with the District Court that Heinemeyer untimely filed her motion for reconsideration. The District Court's order granting summary judgment was entered on December 21, 2005. Heinemeyer had 10 days from this date to file her motion. See Fed. R. Civ. P. 59(e). However, she untimely filed her motion on January 11, 2006. Furthermore, even if the District Court erred in failing to construe Heinemeyer's pro se motion as a Fed. R. Civ. P. 60(b) motion, any error was harmless. Heinemeyer's motion provided no evidence that defendant Atkins committed any "racketeering activity" under § 1961(1).

there is no genuine issue of material fact for trial, the burden shifts to the non-moving party to produce evidence of a genuine issue). Accordingly, we will affirm the judgment of the District Court.